UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION** at **PIKEVILLE**

UNITED STATES OF AMERICA,    )
                                        )
     Plaintiff,               )   Crim. No. 12-cr-00011-JMH-EBA
                                          )
vs.                              )
                                        )
STEPHEN C. ARNY,         )   **MEMORANDUM OPINION & ORDER**
                                        )
     Defendant.             )
                                        )

** ** ** ** **

This matter is before the Court for a review of the Report and Recommendation of Magistrate Judge Edward B. Atkins [DE 523]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Suppress [DE 485]. In his Report and Recommendation, the Magistrate Judge recommends that the Court deny Arny's motion. Defendant has filed Objections [DE 528], to which the United States has filed a Response [DE 541], and this matter is ripe for consideration. For the reasons stated below, the Report and Recommendation will be accepted and the motion to suppress will be denied.

**I.**

Kentucky State Police officers arrested Defendant Dr. Stephen C. Arny at his Shelbyville home in August of 2012. While

Defendant waited for someone to pick up a child at the home, he spoke with Detective Randy Hunter, a KSP officer who executed the arrest warrant. For about 30 minutes, the defendant and Det. Hunter spoke, and Defendant answered several of the officer's questions. DE 419 at 32-33. After Defendant was arrested, he made additional statements to Det. Hunter en route to the jail. *Id*. at 65. The parties do not dispute that Defendant was in custody during his conversations with Det. Hunter, but dispute the United States' contention that Defendant was read his rights. United States Magistrate Judge Edward B. Atkins held a hearing on November 21, 2016, to address this factual dispute between the parties. DE 491.

At the hearing before the magistrate judge, Det. Hunter testified that he used a standard form a KSP-096 (introduced into evidence as Exhibit 1) to effectuate the *Miranda* warning and read the form's five provisions containing those Fifth Amendment rights. DE 501 at 11. Det. Hunter testified that Defendant understood his rights and his waiver of them but that "he also said that he didn't want to sign anything" and "did not sign the form." *Id*. at 11, 14. After that acknowledgement, Det. Hunter testified that he and Defendant walked through the house and talked. *Id*. at 15-16. In his recommendation, the magistrate judge noted that Det. Hunter's testimony at the hearing matched his testimony during trial. DE 523 at 5. Another KSP officer on

the scene at the time of Arny's arrest, Trooper Matt Rogers, corroborated Det. Hunter's testimony during the hearing. DE 501 at 33-34 ("I remember [Hunter and Arny] sitting down at the table in the array of events and Mr. Hunter reading his *Miranda* rights to him.").

Defendant testified on his own behalf at the evidentiary hearing before the magistrate judge, that he was never read the *Miranda* warning, and he did not recall seeing the standardized form or hearing any discussion regarding it. *Id.* at 39-40 ("I don't recall seeing that form or hearing any discussion about a form."). This was inconsistent with his testimony during an earlier hearing in this matter on July 10, 2015, before then-District Judge Thapar, in which Defendant stated "I certainly don't remember those famous words spoken to me that day" but acknowledged Det. Hunter tried to put a form in front of him that he declined to sign. DE 419 at 32-33 ("He was trying to get me to sit down and put a form in front of me to sign and give a statement, and I declined. But we were in the same room together, and we were waiting for 30, 40 minutes together and so there was casual conversation."). Yet, at the hearing before the Magistrate Judge, Defendant said the form was not near him, and he never saw it or sat down to discuss it. DE 501 at 41.

The magistrate judge concluded that defendant was advised of his *Miranda* rights by Det. Hunter. Based on his findings, the

judge recommended Defendant's motion to suppress be denied. DE 523 at 10. The Defendant timely filed an objection to the recommendation. DE 528.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Recommended Disposition, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)). The court may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When attacking a district court or magistrate judge's credibility determination, the party challenging it must show why it is clearly erroneous. *United States v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990).

## III.

A defendant's statements can only be admitted as evidence if he or she has been informed of their right to remain silent, that any statement they make may be used as evidence, and that they have the right to have an attorney present. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The defendant can waive his or her Fifth Amendment rights if done so knowingly, intelligently and voluntarily. *Id*. The United States Supreme Court in *Withrow v. Williams*, 507 U.S. 680 (1993) provided factors the court can consider when evaluating if defendant voluntarily waived his or her *Miranda* rights. Those factors include the length, location, and continuity of the interrogation; the suspect's education, maturity and physical and mental health; whether the person was actually advised of his or her rights; and whether there was any police coercion. *Id*. at 693-94. The government bears the heavy burden of proving the defendant waived his or her *Miranda* rights by a preponderance of the evidence. *United States v. Bentley*, 726

F.2d 1124, 1128 (6th Cir. 1984); *Colorado v. Connelly*, 497 U.S. 157 (1986).

Among the *Withrow* factors, Defendant argues only that the officer's failed to read his *Miranda* rights. Additionally, the defendant gives a few reasons why he thinks the Magistrate Judge's decision is erroneous: (1) the standardized form Det. Hunter produced was not the actual form presented to Defendant, but was a sample copy, and Det. Hunter confirmed there was no signed copy of the standard form, (2) Det. Hunter's written statement is self-corroborating, and was not signed by Defendant or recorded, and (3) it would be unlikely for a lower-ranked trooper to testify against his superior in both rank and tenure.

As to the issue of the standardized form, the United States Supreme Court has held that the refusal to make a written statement or confession does not negate a waiver of rights. *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987). Defendant argues he never signed a waiver or written statement. However, this is not a requirement under *Miranda* or subsequent case law; the defendant need not sign a written statement for a waiver of rights to be effective. He simply needed to hear the warnings and waive them orally for a statement to be admissible. According to the testimony of Det. Hunter, Defendant did orally waive those rights without signing the form. However, because the defendant's testimony directly contradicts Det. Hunter's,

regarding whether the rights were read at all, the Court must make a determination of credibility regarding the testimony to settle the issue.

If testimony is contradictory as to whether *Miranda* warnings were given, the Court is asked to make a credibility determination and explain how it came to that conclusion. *Cooke*, 915 F.2d at 252. Considerable deference is given to the judicial officer at the suppression hearing tasked with evaluating credibility. *Id*. If the judicial officer at the suppression hearing finds the defendant's testimony to be implausible compared to other or previous testimony, he has the discretion to find the defendant's testimony to be discredited. *United States v. Caldwell*, 518 F.3d 426, 430 (6th Cir. 2008) (upholding district judge's determination that the defendant's testimony was not credible where defendant testified that he did not consent to a search of his property and officer testified that he did because defendant's "testimony [was] not believable" and "detract[ed] from [his] overall credibility.").

As did the magistrate judge, the undersigned concludes that this matter is much like that presented in *United States v. Hill*, in which the defendant testified he had no recollection of hearing *Miranda* warnings from officers.[1] No. 6:15-CR-09-GFVT-HAI,

---

[1] Further, the matter before the Court is distinguishable from that presented in *United States v. Lewis,* 355 F. Supp. 2d 870 (E.D. Mich. 2005), upon which Defendant relies and in which a motion to suppress was granted

2015 WL 6557164, at *4 (E.D. Ky. Oct. 29, 2015). The officer and other corroborating witnesses directly contradicted the defendant's wavering testimony, which led the magistrate judge to conclude the officers were more credible and that the defendant heard his *Miranda* rights. *Id*. at *4-*5. Similarly, in this case, the magistrate judge considered the defendant's conflicting testimony, the additional testimony of a second officer at the scene, and the corroboration of events with Det. Hunter's written statement in evaluating both the officer's and the defendant's credibility. The undersigned gives considerable deference to the magistrate judge's assessment of the evidence adduced at the hearing and concludes that Defendant's suspicions regarding the truth of Det. Hunter's written statement or Trooper Rogers' testimony are not enough to find clear error on the part of the magistrate judge.

**IV.**

The court is not persuaded that the magistrate judge's determination concerning the relative credibility of the relevant witnesses was clearly erroneous and concludes, de novo, that the United States has met its burden to demonstrate that

---

because at no point in *Lewis* did the court conduct a credibility analysis regarding the testimony of officers and defendants. *Id*. at 873-74. In addition, the questioning in *Lewis* happened under different, formal interrogation circumstances – in a Drug Enforcement Agency interrogation room where video recording equipment was available. *Id*. at 872-73.

Defendant was advised of his *Miranda* rights while he was in custody.

Accordingly, **IT IS ORDERED**:

(1) That the Report and Recommendation of Magistrate Judge Edward B. Atkins [DE 523] is **ACCEPTED AND ADOPTED** as the Court's own and

(2) That Defendant's Motion to Suppress [DE 485] is **DENIED**.

This the 29th day of June, 2017.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge