UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION** at **PIKEVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 12-cr-00011-JMH-EBA |
| ) | |
| vs. ) | |
| ) | |
| STEPHEN C. ARNY, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendant's Third Motion to in Limine [DE 529] to exclude evidence related to the number of narcotic pills that Defendant Arny prescribed while employed at Paintsville Auto Accident Healthcare, Inc. The United States has filed a Response [DE 542], and Defendant has filed a Reply [DE 548].

During Defendant's first trial, the United States presented the testimony of two pharmacists, Gregory May and Amanda Barber. They testified that May's pharmacy dispensed 93,523 narcotic pills and Barber's pharmacy dispensed 55,024 narcotic pills pursuant to prescriptions signed by Defendant. Defendant complains that this evidence was presented out of context, with no testimony to compare it to the prescribing habits of other physicians or any effort to connect the pills dispensed to any

wrongful act and that the United States then described the number of pills dispensed as "obscene" and part and parcel of a "major drug case" in its closing argument to the jury.

Defendant argues that, in the new trial, evidence of the number of pills prescribed and the description of it as "obscene" is not admissible under Fed. R. Evid. 402 as it does not tend to prove or disprove an element of the offense in this matter under Fed. R. Evid. 401 and, even if it could be considered relevant evidence, it should be excluded under Fed. R. Evid. 403 because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the jury, or misleading the jury. Specifically, Defendant argues that, in the first trial in this matter, the United States offered this evidence without any context, implying to the jury that Defendant was guilty of the crime charged simply because of the large number of pills prescribed by this defendant and that it should be prohibited from doing so in this trial because that evidence alone is not enough to suggest an improper medical practice.

Defendant is correct about the law. He is charged with prescribing or dispensing pills outside of the regular course of medical practice in violation of 18 U.S.C. § 841(a), not for the number of pills prescribed alone. Absent some proof that all of the pills were inappropriately prescribed or some effort to tie

the overall number prescribed to a theory that Arny's numbers of prescriptions were inflated well beyond that of the average practitioner, the number of pills prescribed alone provides the jury with no relevant information as to the elements of the crimes charged. *See United States v. Jones*, 570 F.2d 765, 769 (8th Cir. 1978) (reversing the conviction of physician accused of improperly prescribing narcotics because government introduced evidence of hundreds of prescriptions written for narcotics without alleging that the particular prescriptions were improper or that the number of prescriptions was excessive in violation of Fed. R. Evid. 403 and 404(b) because "[t]he evidence lacked substantial probative force upon the issue of improper medical practice in the transactions charged, yet it could have led the jury to speculate that the quantity of prescriptions alone established wrongful conduct by [defendant]."); *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1142 (4th Cir. 1994) (reversing conviction of physician under CSA where evidence did not support convictions on eighty counts concerning prescriptions to twenty patients who did not testify at trial and opinion witness offered testimony only as to pattern of prescribing); *see also United States v. Binder*, 26 F. Supp. 3d 656, 662–63 (E.D. Mich. 2014) ("[W]here the government presents only "pattern" or "red flag" evidence sifted from a large number of patient files, particularly where no expert

determination was made as to the suitability of the treatment in each case, the evidence is insufficient, without more, to demonstrate guilt beyond a reasonable doubt").

The United States is also correct about the law – the number of pills prescribed by Defendant can gain relevance in instances where it is tied to prescriptions for particular individuals or an overall practice of prescribing outside of the regular course of medical practice. In support of its position, the United States relies on *United States v. Rosen*, 582 F.2d 1032, 1036 (5th Cir. 1979), in which the court was able to identify the number of pills prescribed to certain individual patients who were receiving them outside of the scope of normal medical practice, and *United States v. Smith*, 573 F.3d 649, 658 (8th Cir. 2009), in which a physician was prescribing medication to online patients and acknowledged that every prescription he wrote for an online patient was inappropriate. The United states indicates that it will present evidence through its opinion witness that Defendant demonstrated a pattern of prescribing narcotics to patients over a prolonged period and at near-toxic or toxic doses, which will apparently rely on the evidence to be obtained from Barber and May about the number of pills prescribed by Defendant. While somewhat distinct from the situations in *Rosen* and *Smith*, this may well be appropriate.

The Court notes that there is a distinction between the use of statistical data through opinion witnesses in cases about distribution of controlled substances, like the present matter, and that in complex healthcare fraud conspiracy matters like *United States v. Tran*, 609 F. App'x 295 (6th Cir. 2015), for example. In *Tran*, the court observed that the introduction of "statistical evidence" on occasion and when accompanied by expert testimony to give it explanation and context was appropriate in such cases. *See also United States v. Weinstock*, 153 F.3d 272 (6th Cir. 1998) (permitting use of comparative statistics in the prosecution of a podiatrist who charged insurers for unperformed medical procedures). Similarly, the case at bar is distinct from that presented in *United States v. August*, 984 F.2d 705, 713 (6th Cir. 1992), in which the court concluded that there was evidence to support the conclusion that a podiatrist possessed Schedule III cough syrup with intent to distribute because, in part, the evidence showed that he obtained the drug himself and that his purchases "were much greater than the purchases of the average doctor, pharmacy or hospital."

The Court will be mindful of these distinctions as the matter moves forward and evidence is presented. Precisely how this evidence will come in is still to be seen at trial and the

particulars of the admissibility of the evidence can best be handled at trial.

Accordingly, **IT IS ORDERED** that Defendant's Third Motion in Limine is **DENIED WITHOUT PREJUDICE** to further consideration of the issues raised during the presentation of evidence at trial in this matter.

This the 29th day of June, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge